EDWARDS v. MILLIKEN & CO.

[93 N.C. App. 744 (1989)]

WALLACE R. EDWARDS, PETITIONER-APPELLANT/CROSS-APPELLEE v. MILLIKEN & COMPANY AND EMPLOYMENT SECURITY COMMISSION OF NORTH CAROLINA, RESPONDENTS-APPELLEES/CROSS-APPELLANTS

No. 8820SC519

(Filed 16 May 1989)

1. **Master and Servant § 111— appeal from ESC decision filed after statutory period—appeal allowed**

The trial court did not err in allowing claimant's appeal from an ESC decision which was filed one day after the thirty-day period allowed by N.C.G.S. § 96-15(h), since counsel for claimant mailed the petition for judicial review from Raleigh to the Clerk of Superior Court in Moore County on 3 July 1986; claimant received his copy of the petition, which was also mailed on 3 July, on 5 July 1986 in Moore County; counsel for the employer received his copy on 7 July 1986; and failure of the petition to be marked "filed" in the office of the Clerk of Moore County Superior Court was through no fault of claimant and any neglect was entirely excusable.

2. **Master and Servant § 108.2— unemployment compensation— voluntary quit—availability of suitable work—insufficiency of findings**

Claimant's appeal from a ruling of the ESC denying unemployment compensation benefits based on the Commission's determination that claimant left work voluntarily without good cause attributable to the employer must be remanded for a finding as to whether substitute work as an industrial engineer was suitable for claimant who had been a cause analyst and had held the position of industrial engineer twenty-two years earlier.

APPEAL by petitioner and cross-appeal by Employment Security Commission of North Carolina from Judgment of *Judge W. Douglas Albright* entered 8 February 1988 in MOORE County Superior Court. Heard in the Court of Appeals 10 January 1989.

*Tharrington, Smith & Hargrove, by Elizabeth F. Kuniholm, for petitioner appellant, cross-appellee.*

*Chief Counsel T. S. Whitaker and C. Coleman Billingsley, Jr., for respondent appellee, cross-appellant, Employment Security Commission of North Carolina.*

*Thompson, Mann and Hutson by M. Lee Daniels, Jr., for intervenor appellee, Milliken & Company.*

COZORT, Judge.

Claimant appeals from a ruling of the Employment Security Commission denying unemployment compensation benefits based on the Commission's determination that claimant left work voluntarily without good cause attributable to the employer. We vacate and remand for further findings.

Claimant began his employment with Milliken in 1951 and, until the severance of the employment relationship in 1985, had been employed by Milliken continuously for thirty-four years. In 1963 claimant was promoted to the position of industrial engineer manager. His most recent promotion was to a cause analyst position in 1983. In September of 1984, Milliken reduced the number of cause analysts at its plants and eliminated claimant's position. Claimant was offered the substitute position of industrial engineer, a position that he had held more than twenty-two years before. Although the job of industrial engineer was one or more pay grades below that of cause analyst, Milliken offered claimant the same salary that he had been receiving as cause analyst. However, claimant was informed that he would not receive an increase in salary until the pay grade for industrial engineer rose above claimant's current salary level. Milliken further informed claimant that it could offer no hope that claimant would eventually advance beyond the position of industrial engineer to a management-level position such as he held previously. Considering the proffered position to be a demotion, claimant refused the job. However, he agreed to work in the position temporarily until Milliken could find a replacement. Claimant left his employment in March of 1985. He received a year of severance pay and accrued vacation.

Claimant filed a new initial claim for unemployment insurance benefits in March of 1986. The claims adjudicator denied benefits. An appeals referee subsequently found claimant not disqualified. On appeal the Employment Security Commission reversed the appeals referee and found claimant disqualified. The Superior Court affirmed the Commission. Claimant appeals.

EDWARDS v. MILLIKEN & CO.

[93 N.C. App. 744 (1989)]

[1] As a preliminary matter, we first address the issue raised by the Commission's cross-appeal. The Commission argues that claimant's appeal was untimely and that the Superior Court therefore erred in allowing the Petition for Judicial Review of the Commission's ruling and, in the alternative, allowing the Petition for Certiorari.

The Commission mailed its decision to claimant on 6 June 1986. Pursuant to statute, a Commission decision becomes final thirty days after mailing, and the court must dismiss any petition for review that is untimely filed. N.C. Gen. Stat. § 96-15(h) (1988). The thirty-day period ended 7 July (6 July was a Sunday). Claimant's appeal was not filed until 8 July 1986.

After conducting a hearing on the Commission's motion to dismiss, the trial court found, *inter alia*, that counsel for claimant mailed the petition for judicial review from Raleigh to the Clerk of Superior Court in Moore County on 3 July 1986; that claimant received his copy of the petition, which was also mailed on 3 July, on 5 July 1986, in Moore County; that counsel for the employer received his copy on 7 July 1986; and that the failure of the petition to be marked "filed" in the office of the Clerk of Moore County Superior Court was through no fault of petitioner and that any neglect was entirely excusable. We hold that the court did not err in allowing the appeal.

The Commission further contends that the order signed by the trial judge was inconsistent with the judge's statements in open court in that there had been no ruling on claimant's alternative petition for certiorari. This Court is not a fact-finding body. The appropriate remedy for the Commission was to apply by motion to the trial court to correct any alleged error. We find no merit to the Commission's cross-appeal.

[2] We now turn to the merits of petitioner's claim.

The Commission made the following findings of fact, which have not been excepted to by claimant:

1. At the time the Claims Adjudicator issued a determination in this matter, the claimant had filed continued claims for unemployment insurance benefits for the period March 2, 1986 through March 15, 1986. The claimant has registered for work with the Commission, has continued to report to

EDWARDS v. MILLIKEN & CO.

[93 N.C. App. 744 (1989)]

an employment office of the Commission and has made a claim for benefits in accordance with N.C. Gen. Stat. § 96-15(a).

2. The claimant last worked for Milliken & Company on March 24, 1985. The claimant was employed in a position as "Industrial Engineer" (hereinafter "I.E.").

3. The claimant left this job. When the claimant left the job, continuing work was available for the claimant with the employer.

4. The claimant had worked since 1951 for Milliken & Company. He had been promoted over the years, rising from an hourly position to "Cause Analyst" in 1983. "Cause Analyst" was a management position.

5. In August or September, 1984, the claimant had learned that his position specifically was being eliminated and "Cause Analyst" positions, in general, at Milliken & Company were being drastically reduced. He then was offered the "I.E." job at the same salary ($2,708 per every four weeks) as "Cause Analyst," although the "I.E." was a lower salary grade than "Cause Analyst." His salary was not to be reduced, but he would not have gotten any salary increases until "I.E." salary grade rose over and above what he was making.

6. The claimant chose to leave his work because he objected to the change in jobs from "Cause Analyst" to "I.E." He reasonably believed it reduced or eliminated his further chances for promotion or salary increases, even though the salary would remain the same and not be reduced. He agreed, however, to stay temporarily and work as "I.E."

7. The claimant worked through March 24, 1985, when he left with severance pay plus accrued vacation pay of about a year.

Based on these findings, the Commission concluded that claimant left work voluntarily without good cause attributable to the employer. Claimant excepts and assigns error to these conclusions.

When an employee leaves employment following an elimination of the employee's position, but the employer has offered continued employment in a substitute position, it is appropriate to analyze the case as a voluntary quit, with the ultimate resolution of the issue of good cause depending on whether the substitute work

was "suitable." *See In re Troutman*, 264 N.C. 289, 141 S.E. 2d 613 (1965). Since the Commission failed to make that dispositive finding, we must remand. The fact that claimant agreed to work temporarily as an industrial engineer as a favor to the employer does not mandate a finding that the work was suitable.

We believe that the resolution of whether the industrial engineer position was suitable is a factual determination that should be made by the trier of fact. In making its determination, the Commission is to consider the factors set forth in N.C. Gen. Stat. § 96-14(3). Claimant's prior earnings is but one of several factors to be considered under that provision.

We therefore vacate the order of the Superior Court and remand for further remand to the Employment Security Commission for a finding of whether the job of industrial engineer was a suitable substitute job and a determination of whether claimant left his job "with good cause attributable to the employer."

Vacated and remanded.

Judges PHILLIPS and GREENE concur.